Aristoteles **ACEVEDO**, Petitioner–Appellant,

v.

Glenn **GOORD**, Commisioner, Department of Corrections, Respondent–Appellee.

No. 03–2213.

United States Court of Appeals, Second Circuit.

June 27, 2005.

Barry M. Fallick (Jillian S. Harrington, on the brief), Rochman Platzer Fallick, Sternheim Luca & Pearl, LLP, New York, NY, for Appellant.

Alan Gadlin, Assistant District Attorney (Robert M. Morgenthau, District Attorney for New York County, and Morrie I. Kleinbart, Assistant District Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge.,
LEVAL, Circuit Judge, and
DUPLANTIER, District Judge.*

### SUMMARY ORDER

Plaintiff-appellant Aristoteles Acevedo appeals from the March 10, 2003, judgment of the district court denying his 28 U.S.C. § 2254 petition in which he challenged his New York State conviction for attempted first degree murder, first degree robbery, and second degree criminal possession of a weapon. While Acevedo's petition alleged numerous grounds for relief, the only issue before us is whether the evidence presented at trial was legally sufficient to support his attempted murder conviction. We assume familiarity with the record and with the issues on appeal.

This Court reviews *de novo* a district court's denial of relief under § 2254. *See*

*Pavel v. Hollins,* 261 F.3d 210, 215 (2d Cir.2001). Pursuant to § 2254(d), habeas relief may not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was based upon "an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d); *see Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001) (a state court adjudicates a claim on the merits "when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment").

Acevedo argues that there was insufficient evidence to establish that he attempted to shoot Detective Aiello when he pointed his gun at him. To succeed on an insufficiency-of-the-evidence claim, a habeas petitioner must show at least that "no rational trier of fact, viewing the evidence in the light most favorable to the government, could have found [the petitioner] guilty beyond a reasonable doubt of the essential elements of the crime charged." *United States v. Desena,* 287 F.3d 170, 176–77 (2d Cir.2002) (citing *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

The jury in Acevedo's trial heard Detectives Stradford and Aiello testify that Acevedo aimed his firearm at each of them as they pursued him. In addition, the ballistics evidence demonstrated that the weapon had been discharged at some time. Based on this and other evidence, the jury acquitted Acevedo of attempting to murder Detective Stradford, but found him guilty

* The Honorable Adrian G. Duplantier, of the United States District Court for the Eastern District of Louisiana, sitting by designation.

of attempting to murder Detective Aiello. The Appellate Division found that the evidence adequately supported Acevedo's conviction for attempted murder. The evidence at trial showed that Acevedo, after fleeing the police, turned in a wooded area toward Aiello who was pursuing him, lifted his gun, pointed it at Aiello, and continued to do so while Aiello fired five shots at him. He then ran again, was found hiding, and was arrested. The police searched for, but were unable to find, spent shells from his gun in the area where he aimed at Aiello. On the basis of this and the other evidence before it, the jury could reasonably find that Acevedo was trying to shoot Aiello. We cannot say that the judgment of the Appellate Division affirming the conviction constituted an unreasonable application of Supreme Court precedent or was based on an unreasonable determination of the facts under § 2254(d).

Accordingly, for substantially the reasons stated by the magistrate judge, the judgment of the district court is hereby **AFFIRMED**.